IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  CASE NO. 3:21 CR 635

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

ROBERT JONES, JR.,

    Defendant.  MEMORANDUM OPINION AND
ORDER

## INTRODUCTION

Currently pending before the Court is *pro se* Petitioner Robert Jones, Jr.'s Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. 28). The Government opposes (Doc. 31) and Jones did not reply. For the reasons set forth below, the Court dismisses Jones's motion as untimely.

## BACKGROUND

Jones was indicted on December 1, 2021, on one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1).

On June 28, 2022, Jones pled guilty to the indictment. On September 28, 2022, this Court sentenced Jones to 57 months' imprisonment followed by three years supervised release. (Doc. 19). Jones did not appeal.

The motion before the Court contains two grounds for relief:

**Ground One:** In light of the United States Supreme Court's rul[]ing in Bruen, Petitioner's actually innocent of 18: 922(g).

> Supporting facts: During the proceedings, prior to pleading guilty to 18 U.S.C. § 922(g)(1), counsel failed to object, argue, assert or bring forward a *Bruen*-like argument about the ambiguousness and vagueness of the

statute. Counsel p[e]rsuaded Petitioner into pleading guilty to a statute that is unconstitutional.

**Ground Two**: Ineffective Assistance

Supporting facts: Second Amendment violations.

(Doc. 1, at 4-5). Jones further attaches a memorandum in support of his petition, arguing his charge and conviction were "unlawfully illegal [and] unconstitutional" under *Bruen*. (Doc. 28-2).

In a section of the petition asking the petitioner to explain "why the one-year statute of limitations as contained in 28 U.S.C. §2255 does not bar your motion", Jones wrote: "The United States Supreme Court recently in *Bruen* held 18:922(g)(1) to be unconstitutional and vague. This decision has been recent." *Id.* at 11.

Jones did not complete the portion of the § 2255 petition that says "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____." *Id.* at 12. The envelope is postmarked March 1, 2024 (Doc. 28-1) and the motion was filed with this Court on March 4, 2024.

## DISCUSSION

Jones seeks relief based on the United States Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). The Government argues Jones's motion is (1) untimely and (2) meritless. Upon review, the Court dismisses the motion as untimely under 28 U.S.C. § 2255(f).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Such a

motion must be filed within one year "from the latest of" the following:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[1]

> *§ 2255(f)(1) Date on Which the Judgment Became Final*

Where, as here, a defendant does not appeal his conviction, the conviction becomes final

for purposes of § 2244(f)(1) at the expiration of time to appeal. *See Sanchez-Castellano v. United*

*States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an un-appealed judgment of conviction

becomes final when time for filing a direct appeal has elapsed). This Court entered judgment in

Jones's case on September 28, 2022. (Doc. 19). His time to appeal expired, and thus his

conviction became final, on October 12, 2022. *See* Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a

criminal case, a defendant's notice of appeal must be filed in the district court within 14 days

after . . . the entry of . . . judgment."). The § 2255 limitations period pursuant to subsection (f)(1)

therefore expired one year later on October 12, 2023.

---

1. Jones does not identify an impediment created by the Government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(2), (f)(4). The Court therefore only addresses subsections (f)(1) and (f)(3) regarding the statute of limitations.

Jones's motion is untimely under § 2255(f)(1). His motion was filed with this Court on March 4, 2024, almost five months after the expiration of the statute of limitations. (Doc. 28).[2]

*2255(f)(3) – Date on Which Right Initially Recognized by the Supreme Court*

Jones's motion argues his felon in possession conviction is unconstitutional under the test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). And he cites that *Bruen* is a "recent" decision in the section of his petition regarding timeliness. To the extent he contends *Bruen* provided a new rule of constitutional law that satisfies 28 U.S.C. § 2255(f)(3), the Sixth Circuit has rejected such an argument. *See In re Clark*, 2023 U.S. App. LEXIS 30481, at *3 (6th Cir. Nov. 15, 2023) (denying permission to file a second or successive habeas petition challenging the constitutionality of a § 922(g)(1) conviction, concluding that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring))); *see also Harbin v. United States*, 2024 WL 757103, at *3 (N.D. Ohio) (denying § 2255 motion premised on *Bruen* as time-barred, in part, because *Bruen* did not create a new right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review (citing *In re Clark*, 2023 U.S. App. LEXIS 30481, at *3)). And even if the Sixth Circuit had not so ruled, *Bruen* was handed down June 23,

---

2. The motion was postmarked March 1, 2024 (Doc. 28-1), but Jones did not complete the declaration section of the petition necessary to receive the benefit of the prison mailbox rule (*see* Doc. 28, at 12). *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (a pleading is "filed" by a pro se prisoner when it is given to a prison official for mailing); Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts (document filed by a prisoner "is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."). Regardless, even using the postmark date from the envelope, the motion is untimely under 28 U.S.C. § 2255(f)(1).

2022; any statute of limitations based thereon would have expired June 23, 2023, more than eight months before Jones filed the instant motion.

*Tolling*

AEDPA's one-year statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). To determine whether a petitioner merits equitable tolling of the statute of limitations, courts are required to consider (1) whether the petitioner has been pursuing his rights diligently and (2) whether some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). The habeas petitioner bears the burden of demonstrating that both factors are met. *Hall*, 662 F.3d at 750. Additionally, a credible showing of actual innocence will allow a petitioner to overcome the statute of limitations, rather than provide him an excuse for the late filing. *Yousafzai v. United States*, 2017 WL 3185189, at *2 (6th Cir.) (citing *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)).

Jones's motion does not present any specific argument regarding tolling of the statute of limitations, nor has he filed a reply to address the Government's arguments. Although he notes the *Bruen* decision is "recent", as set forth above, any such claim is still untimely. To the extent Jones argues he is "actually innocent" of the § 922(g)(1) offense based on *Bruen*, again, the Sixth Circuit has found *Bruen* did not present a new rule of constitutional law applicable on collateral review. *See In re Clark*, 2023 U.S. App. LEXIS 30481, at *3 ("*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" (quoting *Bruen*, 597 U.S. at 81

5

(Kavanaugh, J., concurring))). Review of the instant petition further does not reveal any extraordinary circumstance justifying Jones's failure to present his petition in a timely fashion.

The Court finds Jones has not demonstrated his entitlement to tolling of the statute of limitations. The Court therefore dismisses Jones's Motion to Vacate as time-barred under 28 U.S.C. § 2255(f).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Jones's Motion to Vacate (Doc. 28) be, and the same hereby is, DISMISSED as time-barred.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2024